UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
UNITED STATES OF AMERICA            )
                                   )
    v.                              )    Criminal No. 00-340-2 (PLF)
                                   )
KELSEY KING,                        )
                                   )
    Defendant.                      )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Kelsey King's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of the motion, the applicable law, and the entire record herein, the Court will deny the motion.[1]

I. BACKGROUND

The defendant was indicted on seven counts for his involvement in the sale of drugs and possession of illegal firearms. He pleaded guilty to Count Seven of the indictment, unlawful distribution of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Pursuant to a written plea agreement, the defendant accepted responsibility for between 50 and 150 grams of crack cocaine and acknowledged that Count Seven carried a maximum sentence of 20 years. See PSR ¶¶ 3-4. In return for his plea, the government agreed to dismiss the other six counts of the indictment, not to seek any upward departures, not to oppose a

---

[1] The relevant papers reviewed by the Court in connection with this motion include: Defendant's *pro se* Motion to Reduce Sentence ("Mot."); the Presentence Investigation Report ("PSR"); the Judgment and Commitment dated May 7, 2002 ("J & C"); and the J & C Attachment.

sentence at the low end of the guideline sentencing range, to recommend that the defendant obtain a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, and to recommend dismissal of a case pending against the defendant in the District of Columbia Superior Court. Id. ¶ 5.

The Court sentenced the defendant to a term of 151 months' imprisonment. In doing so, it reasoned as follows: Because the defendant possessed between 50 and 150 grams of crack cocaine, the Sentencing Guidelines's drug quantity table, U.S.S.G. § 2D1.1(c), assigned him a Base Offense Level of 32. He was in Criminal History Category V. The defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, because he was over 18 years old and had at least two prior felony convictions for controlled substances offenses. The applicable offense level under the Career Criminal Provision was 32, the same as that calculated under U.S.S.G. § 2D1.1(c), but the provision increased the defendant's Criminal History Category from V to VI. The Court granted the defendant a three-level downward adjustment for acceptance of responsibility, yielding a total Offense Level of 29 with a Criminal History Category of VI. The Guideline sentencing range therefore was 151 to 188 months, and the Court imposed a sentence of 151 months.

The defendant now asks the Court to reduce his sentence from 151 months to 130 months, pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 706 and 711 to the United States Sentencing Guidelines. See Mot. at 2. He seemingly acknowledges that the amendments do not affect the Career Criminal Provision, U.S.S.G. § 4B1.1, but nevertheless argues that because his sentence was "based on" the offense levels for crack cocaine offenses, the Court should reduce his Offense Level to 27, with an associated range of 130 to 162 months. See id.

II.  DISCUSSION

In 2007, the United States Sentencing Commission approved Amendment 706, which lowered the base offense level for most crack cocaine offenses by two levels.  See U.S.S.G., Supp. to App. C, Amend. 706, 711 (2007).  In 2008, the Commission made the amendments retroactive, see id. at Amend. 713, 716 (2008), making some defendants convicted of crack cocaine offenses eligible for sentence reductions under 18 U.S.C. § 3582(c)(2).  To be eligible for a sentence modification under 18 U.S.C. § 3582, a defendant must show (1) that he was initially sentenced "based on a sentencing range that has subsequently been lowered" by the Sentencing Commission; and (2) that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  United States v. Berry, 618 F.3d 13, 16 (D.C. Cir. 2010) (quoting 18 U.S.C. §3582(c)(2)).

The court of appeals has recently determined that defendants who qualify as career offenders under U.S.S.G. § 4B1.1 are not eligible for sentence modifications under Section 3582(c)(2) and Amendment 706 because such defendants fail the first part of this test -- that is, they were not sentenced "based on" a sentencing range that has subsequently been lowered.  United States v. Tepper, 616 F.3d 583, 587 (D.C. Cir. 2010); see also United States v. Berry, 618 F.3d at 15, 17.  For the purposes of a Section 3582(c)(2) motion, the sentencing range applicable to a defendant who qualifies as a career offender is the range provided by the career offender provision of the Guidelines, and not that suggested by the drug quantity tables for crack cocaine under U.S.S.G. § 2D1.1.  United States v. Berry, 618 F.3d at 18.  Amendment 706 only permits reduction of sentences for crack cocaine offenses when the sentence is based on the range recommended by the drug quantity tables provided by U.S.S.G. § 2D1.1, and does not

3

affect the range provided under the career offender provision, U.S.S.G. § 4B1.1. United States v. Berry, 618 F.3d at 17-18. Because Amendment 706 does not apply to their sentences, career offenders are not eligible for sentence modifications under 18 U.S.C. § 3582(c)(2). Id. at 18.

The defendant in this case qualified as a career offender because he was over 18 years of age at the time of this offense and had at least two prior felony convictions for controlled substance offenses or crimes of violence. See U.S.S.G. § 4B1.1. The guidelines sentencing range applicable to him therefore is the career offender range, not that provided for crack cocaine offenses in the drug quantity tables. Because the career offender guideline was not modified by Amendment 706, the defendant was not sentenced pursuant to a guideline that has subsequently been lowered. He therefore is ineligible for a sentence modification under 18 U.S.C. § 3582(c)(2). For all of these reasons, it is hereby

ORDERED that defendant's motion to reduce his sentence under 18 U.S.C. § 3582 [112] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 23, 2010